UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,


   -  against  -

                                           13Cr.75-02(JCF)

KENNETH HOFFMAN,

                       Defendant.

-------------------------------------------------------------------X


## SENTENCING MEMORANDUM OF
## DEFENDANT KENNETH HOFFMAN

Richard Jasper
276 Fifth Avenue, Suite 501
New York, New York 10001
ricjasp@aol.com
(212) 689-3858 voice
(212) 689-0669 facsimile

Attorney for *Defendant Kenneth Hoffman*

# RICHARD JASPER
**Attorney at Law**
276 FIFTH AVENUE
SUITE 501
NEW YORK, NEW YORK 10001
Phone (212) 689-3858
Fax (212) 689-0669

August 21, 2013

Honorable James C. Francis IV
United States Magistrate Judge
500 Pearl Street
New York, NY 10007

          Re:    United States v. Michael Mannion
                 13Cr.75-02(JCF)

Dear Judge Francis:

I am the attorney for the defendant Kenneth Hoffman in the above captioned criminal case. I respectfully submit this letter in advance of sentencing set for August 28, 2013. The defendant Kenneth Hoffman concurs with the Probation Department's finding that the applicable adjusted offense level rests at level 8 (0-6 months.) Mr. Hoffman has pled guilty to One Count of making an unlawful payment to an employee of a labor organization in the amount of $1,000.00.

Mr. Hoffman is a 55 year old man who has been gainfully employed since he was 14 years old. Mr. Hoffman has worked in the construction trade for 30 plus years. He holds an associate degree in business management, and has worked for the firm Conboy and Mannion for the last several years. This offense involves a severe lapse in judgment caused, in part, by the desire to complete the construction of a restaurant owned by a national steakhouse chain. This is no justification for violating the law. Mr. Hoffman is deeply embarrassed and ashamed of his actions in connection with offense which represents a departure from his respect for this Court and the law.

As the Court is aware, the Federal Sentencing Guidelines are no longer mandatory but one of several factors which the Court must consider in imposing sentence. See United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005); Gall v. United States, 128 S.Ct. 586 (2007), Kimbrough v. United States, 128 S.Ct. 558 (2007). Under Booker and its progeny, the Sentencing Guidelines must be calculated and consulted but are no longer mandatory. Rather, the Court must consider all of these factors in the Federal Sentencing Act, 18 U.S.C. § 3553(a), and appellate courts will review sentences imposed by district courts with "due deference" to determine whether they are reasonable under an "abuse of discretion" standard of review. See Gall, 128 S.Ct. at 597, 18 U.S.C. §3553(a).

The defense respectfully requests that a non custodial disposition and a fine be imposed in this case in lieu of probation.

Respectfully submitted,

_____/S/_____.
Richard Jasper